IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH RANDOLPH STREET

    Petitioner,

v.                              CIVIL ACTION NO. 2:16cv11

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Keith Randolph Street's ("Street") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 19. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED,** and Street's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKROUND

On September 23, 2013, a Virginia Beach Circuit Court jury convicted Street of a statutory burglary, in violation of Va. Code § 18.2-91, and petit larceny, in violation of Va. Code

1

§18.2-96. ECF Nos. 1 at 1 and 21, attach. 1 at 1. Following his conviction he was sentenced to five years in prison for the burglary conviction and fined $350 for the petit larceny conviction. Street appealed his conviction to the Court of Appeals of Virginia, which subsequently denied his appeal. ECF No. 21, attach. 1. According to the Per Curiam Court of Appeals opinion, on March 15, 2013, Street took a "landscape rock" and used it to shatter the front door glass of a dental office. *Id.* at 2. He then entered the building and removed a flat screen television from the lobby wall. *Id.* The entire incident was captured by the office's surveillance cameras. *Id.* After receiving two anonymous tips, detectives contacted Kenneth Britt who identified Street as the man in the video. *Id.* at 3. Following Britt's identification, Street was arrested on March 30, 2013, and he was subsequently held in a local jail until trial. *Id.*

On January 10, 2014, Street filed a petition for a writ of habeas corpus in the Circuit Court for the City of Virginia Beach, claiming: (A) "[t]he State either willfully or inadvertently neglected to preserve, divulge, or produce exculpatory or impeaching material evidence" and his (B) "[p]etition was denied the effective assistance of counsel when counsel continued his case and violated petitions speedy trial right." Petition for Habeas, *Street v. Director of the Department of Corrections*, No. CL 14-209 (Va. Cir. Ct. Jan. 10, 2014).

The Circuit Court denied Street's habeas corpus petition on April 14, 2014. Final Order, *Street v. Director of the Department of Corrections*, No. CL14-209 (Va. Cir. Ct. Apr. 14, 2014). The Circuit Court denied and dismissed Claim A because "it would be repetitious and thus not cognizable on habeas corpus." *Id.* at 2. On Claim B, the Circuit Court denied and dismissed the allegation because "this allegation [was] without basis, in fact, and otherwise insufficient to warrant relief under the stringent two-part *Strickland v. Washington* test." *Id.* at 4. Additionally, the court held that there was no unreasonable delay to Street and no federal constitutional

2

violation because the four month delay did not violate the speedy trial statute under Code § 19.2-2.43. *Id.* Lastly, the court determined that the speedy trial statute was tolled until trial on September 23, 2013, because the defense moved for a continuance on July 24, 2013. *Id.* Street did not appeal the Circuit Court's decision.

Street next filed a petition for appeal for his original conviction to the Virginia Court of Appeals, on June 30, 2014. Petition for Appeal, *Street v. Commonwealth of Virginia*, No. CR13-1923 (Va. Ct. App. June 30, 2014). Street argued the Circuit Court erred by (1) "failing to strike the Commonwealth's case and subsequently affirming the jury's finding that the defendant had been proven guilty beyond a reasonable doubt"; (2) "denying the appellant's motion to set aside the verdict despite proof that that the Commonwealth's key witness was inherently unreliable"; and (3) "failing to order a mistrial in response to the Commonwealth's Attorney's improper questioning of Mr. Street in front of the jury about prior criminal charges." ECF No. 21 at 2.

The Court of Appeals of Virginia denied Street's appeal in a *per curiam* decision on the merits on January 22, 2015. *Id.* at 13. The Court denied the first assignment of error because the surveillance video, close up shots of Street's face, and Street's incriminating statements to the police were more than sufficient for the jury to find that Street had committed statutory burglary and petit larceny. *Id.* at 6. The Court denied the second assignment of error because the verdict was supported by evidence besides the identification made by the key witness and there was no evidence that the key witness's testimony was unreliable. *Id.* at 8-9. Lastly, the court denied the third assignment of error because the trial court appropriately denied the motion for a mistrial. The trial court had already sustained the objection by Street's counsel to questioning regarding prior criminal charges and instructed the jury to only consider the conviction orders marked into evidence. *Id.* at 13. On January 23, 2015, Street filed a demand for a three-judge panel before

the Court of Appeals of Virginia, which was denied on March 4, 2015. Demand for Three-Judge Panel, *Street v. Commonwealth of Virginia*, No. CR13-1923 (Va. Ct. App. Jan. 23, 2015); Denial of Petition, *Street v. Commonwealth of Virginia*, No. CR13-1923 (Va. Ct. App. Mar. 4, 2015).

Street sought further review and appealed to the Supreme Court of Virginia on the same three grounds. Petition for Appeal, *Street v. Commonwealth of Virginia*, CR13-1923 (Va. Mar. 16, 2015). On October 28, 2015, the Supreme Court of Virginia denied Street's appeal finding that the Virginia Court of Appeals did not err in its reasoning regarding Street's assignment of error 1 as it reached the merits on the decision. ECF No. 21, attach. 2 at 1. Further, the Supreme Court of Virginia determined that assignments of error 2 and 3 were procedurally defaulted because "they did not address the Court of Appeals ruling…for which an appeal is sought." *Id.*

On January 8, 2016, Street filed a habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. His petition seeks federal habeas relief on the following grounds: (1) "[the] court erred in denying [Street's] motion to set aside the verdict, despite proof that the Commonwealth's key witness was testifying falsely"; (2) " [the] court erred by failing to order a mistrial in response to the Commonwealth's improper questioning of [Street] about prior criminal charges"; (3) "Ineffective assistance of Counsel: Failure to investigate past case and difficulties with the Commonwealth's key witness"; (4) "Ineffective assistance of counsel: Failure to preserve with the objection Rule or Request for mistrial." *Id.* at 5-10.

On September 12, 2016, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 18-21. Street's response to the Respondent's Motion to Dismiss was due October 13, 2016, however he did not respond. ECF No. 22 at 1. On November 10, 2016, the undersigned ordered Street to respond to the Respondent's Motion to Dismiss in accordance with Local Civil Rule 7 by December 1, 2016.

4

*Id.* Street still did not file a response and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia refused Street's petition for appeal on October 28, 2015. Street's time for filing a writ of habeas corpus in this Court began on January 26, 2016, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-

5

court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Street had until January 26, 2017, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court, absent any tolling. Although Street filed a state habeas petition with the Virginia Beach Circuit Court, he does not qualify for statutory tolling because his petition was denied on April 14, 2014, before the Supreme Court of Virginia refused his petition for appeal. However, Street filed the instant Petition on January 8, 2016, over a year before his deadline to file. Therefore, the undersigned **FINDS** that Street's Petition is timely.

## B. Exhaustion and Procedural Default

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the

6

highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

In this case, Street appealed his original conviction and exhausted all available state remedies for Claims 1 and 2, which he appealed to the Supreme Court of Virginia as assignments of errors 2 and 3. Petition for Habeas, *Street v. Director of the Department of Corrections*, No. CL 14-209 (Va. Cir. Ct. Jan. 10, 2014). However, Street conceded that he did not exhaust his state remedies for Claims 3 and 4 of the present petition. ECF No. 1 at 12. Accordingly, Street failed to give the Virginia courts the opportunity to fully review his petition, and he failed to exhaust his state remedies for Claims 3 and 4.

Claims 1 and 2 of Street's Petition were appropriately exhausted in the Virginia appellate courts, but they are barred from federal habeas review because they were procedurally defaulted in the Supreme Court of Virginia. The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)). Here, the Supreme Court of Virginia held that assignments of error 2 and 3, which are synonymous with Claims 1 and 2 of the instant Petition, were barred because "they did not address the Court of Appeals ruling...for which an appeal is sought" as required by Virginia Supreme Court Rule 5:17(c)(l)(iii). ECF No. 21, attach. 2 at 1. It is well-

7


established that the Supreme Court of Virginia refuses to address issues that were not preserved properly with specific assignments of error. *See, Yeatts v. Angelone*, 166 F.3d 255, 264 (4th Cir. 1999). Therefore, Street is barred from federal habeas review of Claims 1 and 2.

However, "[a] petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Street did not argue actual innocence in his Petition, and he did not file a response to the Motion to Dismiss, thus he must demonstrate cause and prejudice to overcome his procedural default. "In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Carrier*, 477 U.S. at 488).

Street did not file a response to address the Respondent's motion to dismiss arguing that Claims 1 and 2 were procedurally defaulted, but even if he did, he could not establish cause and prejudice to overcome his default. In Claim 1, Street argued the Circuit Court "erred in denying [his] motion to set aside the verdict, despite proof that the Commonwealth's Key Witness was testifying falsely." ECF No. 1 at 5. However, Street offered no reason why he did not raise this claim in the State Court at the appropriate time. Moreover, in any event there was a sufficient basis for the Circuit Court to deny his motion to set aside the verdict as Street made several

incriminating statements to the police, ECF No. 21, attach. 1 at 3, and the Commonwealth presented surveillance video and still photographs of Street committing the crimes that showed his face up close, *id.* at 8-9. Additionally, Street moved to set aside the verdict because of evidence that the key witness testified falsely. However, there was no evidence that the witness did so and even if he did, Street never requested a new trial below. *Id.* There is also no case support that suggests that after-discovered evidence can render a jury verdict erroneous on the basis of insufficiency of the evidence. *Id.* at 10. Therefore, Street cannot establish cause and prejudice and the undersigned **RECOMMENDS** that Claim 1 be **DISMISSED**.

Likewise, Street cannot demonstrate cause and prejudice for Claim 2 that the Circuit Court erred by failing to grant a mistrial in response to the Commonwealth's improper questioning about his prior criminal charges. Street's counsel moved for a mistrial after the "trial court read the jury instructions, the parties gave their closing arguments, and the trial court dismissed the jury for deliberation." ECF No. 21, attach. 1 at 12. The Court of Appeals determined that Street had waived his argument because the motion for mistrial was untimely. *Id.* ("Because appellant's motion for a mistrial was not contemporaneous with the objectionable comments [about his prior criminal charges], appellant has waived this argument."). Thus, Street cannot demonstrate cause for the default because his argument was waived. Moreover, Street cannot demonstrate prejudice because even if his motion was timely, it would have failed. The Circuit Court already sustained Street's objection to the Commonwealth's questioning about his prior criminal charges and the trial judge instructed the jury to consider only the convictions marked into evidence. *Id.* at 13. Therefore, the Circuit Court correctly denied Street's Motion for Mistrial, and the undersigned **RECOMMENDS** that Claim 2 be **DISMISSED**.

Furthermore, Claims 3 and 4 are simultaneously exhausted and procedurally defaulted. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Simultaneous exhaustion and procedural default "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Indeed, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." *Baker*, 220 F.3d at 288.

Street did not exhaust Claims 3 and 4 because he did not present them on his direct appeal to the Supreme Court of Virginia. Even if Street attempted to raise these claims now, they would be procedurally barred as untimely, under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations, and as successive, under Virginia Code § 8.01-654(B)(2), which prohibits successive habeas petitions. Thus, "[s]ince the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [Claims 3 and 4] of [Street's] . . . instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow v. Dir., Dep't of Corrs.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006). However, Street can overcome this procedural default if he can demonstrate cause and prejudice or a substantial miscarriage of justice if he is unable to bring his claims.

As to Claim 3, Street cannot demonstrate cause and prejudice or a substantial miscarriage of justice to overcome his procedural default. Street claimed that his trial counsel was

ineffective for failing to investigate the Commonwealth's key witness. ECF No. 1 at 8. For an ineffective assistance of counsel claim, a petitioner can demonstrate cause and prejudice if:

> (1) [T]he ineffective assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for the default 'consists[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law 'requires that an ineffective assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.'

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014). To have a substantial ineffective assistance of counsel claim, a petitioner must show that the attorney's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, a petitioner must make a substantial showing of incompetency, such that counsel was not functioning as guaranteed by the Sixth Amendment. *Teleguz v. Zook*, 806 F.3d 803, 815 (4th Cir. 2015). Further, a petitioner must make a substantial showing that counsel's errors were serious enough to deprive the defendant of a fair trial where there was a substantial, not just conceivable, likelihood of a different result. *Id.*

Here, Street cannot show that he has a substantial ineffective assistance of counsel claim. Street cannot prove his counsel was deficient or that he was prejudiced by his counsel's actions regarding the Commonwealth's witness because as discussed with Claim 1, *supra*, there was overwhelming evidence supporting Street's conviction for statutory burglary and petit larceny. Street made incriminating statements to the police, and the Commonwealth presented surveillance video and photographs of him committing the crimes. Given the significant evidence against him, Street has not demonstrated that the outcome of the proceedings would have been altered if his counsel conducted any further investigation of the witness. Street cannot establish a substantial ineffective assistance of counsel claim and ultimately cause and prejudice

11

to overcome his procedural default. Therefore, the undersigned **RECOMENDS** that Claims 3 be **DISMISSED.**

Similarly, regarding Claim 4, Street cannot demonstrate cause and prejudice or a substantial miscarriage of justice to overcome procedural default. Street claimed his trial counsel was ineffective for failing to preserve the issue of not receiving during discovery a photograph of a footprint that an officer took near the crime scene. ECF No. 1 at 10. This is not a substantial ineffective assistance of counsel claim because Street has not established that the photo was unavailable to him before trial or that the photo was of any evidentiary value. To make an objection and preserve an issue is a strategic decision for counsel. *See Strickland*, 466 U.S. at 689 (stating that counsel's strategic decisions are presumed to be reasonable and should not be second-guessed post-trial). Street has not shown that the photo had any evidentiary value and that his counsel's failure to object to not receiving the photograph showed counsel was deficient, especially since the Commonwealth provided the photographs in a discovery response and stated that they were available to Street's counsel for inspection. ECF No. 21, attach. 3. Even if Street could show his counsel performed deficiently, Street cannot show he was prejudiced by his counsel's actions because, even with the photo, the jury had surveillance footage and incriminating statements to support his conviction. Since Street cannot establish a substantial ineffective assistance of counsel claim, he cannot demonstrate cause or prejudice for Claim 4 to overcome his procedural default. Therefore, the undersigned **RECOMMENDS** that Claim 4 be **DISMISSED.**

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 19, be **GRANTED**, and Street's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Street is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 9, 2017